IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JAMES AUXIER and
BARBARA AUXIER,

        Plaintiffs,

vs.                       **Case No. 11-2249-RDR**

BSP WAREHOUSE &
DISTRIBUTION, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is presently before the court upon defendant BSP Warehouse & Distribution, Inc.'s (BSP) motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2). BSP seeks dismissal based on lack of personal jurisdiction. Having carefully reviewed BSP's motion, the court is now prepared to rule.

This action arises from injuries sustained by plaintiff James Auxier, a Missouri resident, in an incident that occurred in Dallas, Texas on March 16, 2009. Auxier, an over-the-road trucker, went to a BSP warehouse in Dallas to obtain a load to transport to DeSoto, Kansas. He alleges that he fell and suffered injuries when BSP employees improperly and negligently failed to properly seal the door on his tractor-trailer after the BSP employees had loaded his truck.

I.

Plaintiff has the burden of establishing personal jurisdiction

over defendant.  Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd., 385 F.3d 1291, 1295 (10th Cir. 2004).  In the absence of an evidentiary hearing, plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.  Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."  OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 1086, 1091 (10th Cir. 1998).  Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits.  Dudnikov v. Chalk & Vermillion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Pytlik v. Professional Res., Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989); Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984).  When a defendant has produced evidence to support a challenge to personal jurisdiction, a plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint.  Pytlik, 887 F.2d at 1376.  The court resolves all factual disputes in favor of the plaintiff.  Dudnikov, 514 F.3d 1070.  Conflicting affidavits are also resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving

party." <u>Behagen</u>, 744 F.2d at 733. "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" <u>OMI Holdings</u>, 149 F.3d at 1091 (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 477 (1985)).

## II.

The following facts are either uncontroverted or are drawn with all reasonable inferences in favor of plaintiff. BSP is a Texas corporation that operates a warehouse in Dallas, Texas. BSP stores products for its customers. The owners of the products determine when the products will be picked up from the warehouse and by whom, as well as how the products will be transported and their ultimate destination. The public school district of DeSoto, Kansas entered into a contract with LA Foods, a California corporation, to purchase certain food products. The food products were located in BSP's warehouse in Dallas. LA Foods made arrangements for the distribution and transportation of the food products from BSP's warehouse to the DeSoto, Kansas public school district. Auxier is employed by HP Distribution, LLP, a Kansas company. HP Distribution agreed to transport the products from Dallas to DeSoto. On March 16, 2009, Auxier picked up a trailer from another entity in Texas and drove it to BSP's warehouse in Dallas to be loaded. BSP employees loaded the truck. BSP was

aware that the truck was headed for Kansas because the bill of lading indicated that the load was destined for the DeSoto school district. Plaintiff claims that the BSP employees failed to close the trailer door after it was loaded. He further contends that he climbed on the trailer, attempted to pull down the trailer door, fell and was injured.

The following other facts are also uncontroverted in the record before the court. BSP has no control over who picks up or transports the products. BSP did not enter into any contract with HP Distribution, LLP, the DeSoto, Kansas school district, or anyone else in Kansas. BSP does not transact or solicit business in the State of Kansas through a local office or agent, nor does it send agents to solicit business in the State of Kansas. BSP does not engage in any other activities in the State of Kansas. BSP does not advertise or own, use or possess any real estate in the State of Kansas. BSP's only bank accounts are located in the State of Texas.

### III.

In a diversity case where the defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules. See Federated Rural Elec. Ins. v. Kootenai Elec. Coop., 17 F.3d 1302, 1304 (10th Cir. 1994). "The proper inquiry is, therefore, whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state and comports

with due process requirements of the Constitution." Id. at 1304-05. Courts may proceed directly to the due process issued because the Kansas long-arm statute is construed liberally. Id. at 1305.

For the court's exercise of jurisdiction to comport with due process, defendant must have "minimum contacts" with the State of Kansas, "such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" Dudnikov, 514 F.3d at 1070 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Minimum contacts" can be established in one of two ways, either generally or specifically for lawsuits based on the forum-related activities:

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a quid pro quo: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

Id. at 1078.

IV.

General jurisdiction exists over a nonresident defendant whose contacts with the state are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). "In order for general jurisdiction to lie, a foreign corporation must have a substantial amount of contacts with the forum state." Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996). In determining whether a

defendant corporation has substantial contacts with the forum state, the court considers four factors:

> (1) whether the corporation solicits business in the state through local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

Id.

In their complaint, plaintiffs initially alleged that the defendant had "substantial, continuous and systematic contact with [Kansas]." However, in response to the instant motion, plaintiffs failed to offer any evidence or argument in support of this contention. Plaintiffs have failed to rebut any of the evidence offered by the defendant on this issue. Accordingly, based upon the present record, the court finds that plaintiffs have not met its burden of establishing a prima facie case that defendant has continuous and systematic contacts with Kansas that justify the exercise of general personal jurisdiction.

V.

Specific jurisdiction involves a two-part inquiry. OMI Holdings, Inc., 149 F.3d at 1091. First, a defendant must have minimum contacts with the forum state. Id. This test requires analyzing two related but distinct questions: (1) whether the defendant purposefully directed his contacts at the forum state; and (2) "whether the plaintiff's claim arises out of or results

from actions by the defendant himself that create a substantial connection to the forum state." Id. (emphasis in original). If a defendant is found to have sufficient minimum contacts to justify specific jurisdiction, it is still necessary to determine whether the exercise of specific jurisdiction "offends traditional notions of fair play and substantial justice." Id.

The issue here is whether a defendant who loads a shipping container and does so in a negligent fashion can be hauled into court in the jurisdiction where the load was headed when the defendant had no control over where the load was going but was aware of its destination. The courts that have considered this issue, including two judges in this district, have reached conflicting results. Compare CSX Transp., Inc. v. Preussag Intern. Steel Corp., 201 F.Supp.2d 1228 (M.D.Ala. 2002); Kopke v. A. Hartrodt S.R.L., 245 Wis.2d 396, 629 N.W.2d 662 (2001), cert. denied, 534 U.S. 1079 (2002); Fullington v. Union Pacific Fruit Express Co., 1989 WL 21039 (D.Kan. 1989); Muller v. Termura Shipping Co., 629 F.Supp. 1024 (E.D.Pa. 1986) with CSR, Ltd. v. Taylor, 411 Md. 457, 983 A.2d 492 (2009); Carefree Cartage, Inc. v. "K" Line, 2006 WL 3227892 (N.D.Ill. 2006); Eggear v. The Shibusawa Warehouse Co., Ltd., 2001 WL 267881 (E.D.Pa. 2001); Haley v. Champion Int'l Corp., 2000 WL 1472880 (D.Kan. 2000); Union Pacific Railroad Co. v. Forexport, Inc., 1999 WL 1206758 (D.Ore. 1999); Irby v. Isewan Terminal Servs. Co., Ltd., 1991 U.S.Dist. LEXIS

18480 (E.D.Pa. 1991).

Not surprisingly, plaintiffs have relied upon Fullington, CSX Transportation, Muller and others for support, and the defendant has relied upon Haley for support. Plaintiffs have suggested that the cases they have cited demonstrate that personal jurisdiction over the defendant is appropriate here because BSP knew where the load was going and could foresee that its failure to seal the load could result in consequences or damages in Kansas.

We shall examine in particular the Kansas cases that have considered this issue. In Fullington, Judge Saffels considered a case where plaintiff was injured in Kansas when the doors of a refrigerated rail car fell on him. The defendant, an Arkansas corporation, had inspected the cars for Union Pacific Fruit Express Company who provided the cars to Union Pacific Railway Company for use throughout its rail system. Judge Saffels concluded that the constitutional requirements for personal jurisdiction had been met through the following analysis:

> In the facts presented in this case, defendant did not conduct business within this state. However, it inspected rail cars for defendant Union Pacific Fruit Express Company, and was aware that Union Pacific Fruit Express Company provided those rail cars to defendant Union Pacific Railway Company for use throughout its rail system. That rail system runs through the state of Kansas. Since those rail cars necessarily travel through Kansas, it would be reasonable for defendant Thermo-King to anticipate that any negligence on its part in inspecting the rail cars might cause personal injury anywhere within defendant Union Pacific Railroad Company's rail system. It is reasonable and fair to require defendant to conduct its defense here.

Fullington, 1989 WL 21039 at * 2.

In Haley, Judge Lungstrum was confronted with a case where the plaintiff was injured in Kansas when a tractor-trailer he was driving overturned in Wyandotte County. Plaintiff brought suit against a Texas corporation, Dungan Warehouse Corporation, that had loaded the truck in Texas at its warehouse with rolls of paper after receiving a bill of lading indicating that the paper was headed for Newton, Kansas. Similar to the instant case, the paper had been purchased from another company, Champion International Corporation who was a New York corporation, and being held by Dungan for distribution. Judge Lungstrum found personal jurisdiction over Dungan was lacking. He stated:

> While Dungan knew that the trailer was destined for Newton, Kansas, Dungan did nothing to purposefully avail itself of the protection of Kansas laws. Dungan is a warehouse in Texas. It stores paper, which it loads and unloads onto trailers in Texas. Dungan does not direct where the paper it handles arrives from or departs to, nor is its business concerned with such locations. In this case, Champion, not Dungan, determined that the paper would travel to Kansas. Plaintiff has alleged no facts which would indicate that Dungan made any purposeful contact with Kansas. Plaintiff does not allege that Dungan has solicited or transacted business in Kansas, that Dungan has entered into contracts in Kansas or with Kansas residents, nor even that Dungan has loaded any other trailer which traveled in Kansas. Dungan's fortuitous connection with Kansas is not the type of connection which would lead Dungan to reasonably anticipate being hauled into court in Kansas.

Haley, 2000 WL 1472880 at * 3.

After a thorough review of these cases, the court shall follow the teachings of Judge Lungstrum in Haley. The factual

9

circumstances here are virtually identical to Haley. LA Foods, not BSP, determined that the food products would travel to Kansas. BSP had no contacts with Kansas, other than its knowledge that these food products would end up in Kansas. The court believes that the mere fact that BSP may have foreseen that the products that it held in its warehouse might pass through and potentially cause an injury in Kansas is not enough to support the exercise of personal jurisdiction over BSP in Kansas. The awareness that cargo was going to the forum state was not purposeful conduct directed toward the forum state on the part of BSP. Having determined that plaintiffs have not met their burden at this stage of the litigation on the issue of minimum contacts, the court need not consider whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. Accordingly, the court shall grant defendant's motion to dismiss for lack of personal jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 13) be hereby granted. The court finds that it lacks personal jurisdiction over the defendant.

**IT IS SO ORDERED.**

Dated this 6th day of September, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge